Case 4:17-cv-00503-DCN   Document 1-4   Filed 12/07/17   Page 1 of 13

**EXHIBIT C**



Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, Idaho 83440
Telephone: (208) 359-5532
Email: ryanballardlaw@gmail.com

Beth E. Terrell
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
*(Pro hac vice pending)*

Paul Arons
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498
Email: lopa@rockisland.com
*(Pro hac vice pending)*

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO IN AND FOR THE COUNTY OF MADISON

| | | |
|---|---|---|
| ZACHARY LEHMKUHL, individually, and on behalf of others similarly situated, | ) ) ) | Case No. CV-17-776 |
| Plaintiffs, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| BONNEVILLE BILLING AND COLLECTIONS, INC., a Utah corporation, | ) ) ) | FEE CATEGORY: A<br>FEE: $221 |
| Defendant. | ) ) ) | |

1

## INTRODUCTION

1. Bonneville Billing & Collections (BBC) is a debt collector. As a result, it is required to comply with the Fair Debt Collection Practices Act ("FDCPA") when it communicates with consumers. But BBC has adopted uniform practices that violate federal law. First, BBC misrepresents consumers' rights by stating in its collection letters that consumers must dispute the validity of an alleged debt in writing. The Ninth Circuit Court of Appeals addressed the legality of the very language used in BBC's letters more than a decade ago and ruled that the "in writing" requirement for disputes violates the FDCPA. In addition, when consumers orally dispute a debt, BBC violates the FDCPA by failing to disclose in its reports to consumer credit reporting agencies that the debt is disputed.

2. Plaintiff Zachary Lehmkuhl, a disabled combat veteran, received BBC's misleading letter after a hospital bill was assigned to BBC for collection. Mr. Lehmkuhl called BBC and explained that he did not owe the hospital the full amount sought because his medical care would have been covered almost entirely by insurance but for the hospital's failure to properly file an insurance claim. BBC nonetheless reported his alleged debt to consumer credit agencies without reporting that it was disputed. Mr. Lehmkuhl brings this class action on behalf of himself and all others who received BBC's misleading letters, including those whose disputed debts BBC improperly reported to consumer credit agencies.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Zachary Lehmkuhl (Lehmkuhl) is an individual residing in Idaho Falls, Idaho.

4. Defendant Bonneville Billing and Collections, Inc., (BBC) is a Utah corporation with offices in Utah, Idaho, and Washington. It claims to have more than 5,000 active business

clients at a time. It collects and attempts to collect alleged debts owed to third parties. It is engaged in a business the principal purpose of which is the collection of debts using the mails and telephone. It regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5. BBC can be served through its registered agent, Clayne Bodily, at 431 River Parkway, Idaho Falls, ID 83402.

6. Venue in this Court is proper pursuant to Idaho Code § 5-404.

7. Jurisdiction in this Court is proper because the amount in controversy is more than $10,000.

## GENERAL ALLEGATIONS

8. Plaintiff Zachary Lehmkuhl is a disabled veteran whose service included combat duty in Iraq. He was placed on disability leave in November 2009 and retired from the military in November 2013, with lifetime medical insurance provided by Tricare.

9. In September and October 2015, Mr. Lehmkuhl was treated for pneumonia at Mountain View Hospital, in Idaho Falls ("the Hospital"). He incurred a bill for $554.50 for medical services provided by the Hospital on September 8, 2015.

10. At the time he incurred this bill, Mr. Lehmkuhl had Tricare insurance that covered at least 80 percent of this bill, and he provided the Hospital all the information it needed to submit this bill to Tricare. However, the Hospital failed to properly submit a claim to Tricare.

11. The Hospital thereafter billed Mr. Lehmkuhl for the full amount of the bill, despite Mr. Lehmkuhl again providing the Hospital the information it needed to secure payment from Tricare. Mr. Lehmkuhl offered to pay the Hospital the 20 percent of the bill for which he might be liable, but the Hospital rejected that offer.

12. On information and belief, plaintiff alleges that in March 2017, the Hospital referred his $554.50 bill to BBC for collection. Mr. Lehmkuhl received a letter dated May 17, 2017, from BBC on the letterhead of "Bonneville Collections." In the letter, BBC demanded payment for the Hospital bill in the amount of $554.50 principal and $4.74 interest. A copy of the letter is attached to this Complaint as Exhibit 1.

13. The letter includes the following notice:

> Unless you notify this office **in writing** within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit 1 (emphasis added).

14. Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (FDCPA), a debt collector must include in its initial communication to a consumer a "validation" notice that includes "a statement that: unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3).

15. In 2005, the Ninth Circuit held that including in the validation notice a statement that a dispute must be in writing misrepresents consumers' rights and violates the FDCPA, sections 1692e and 1692g(a)(3). *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1978 (9th Cir. 2005). The language in BBC's letter to Mr. Lehmkuhl is exactly the same as the language used by the defendant debt collector in *Camacho. Id.* at 1079.

16. Prior to July 1, 2017, both Zachary Lehmkuhl and his wife, Kellie Lehmkuhl, contacted BBC to dispute the alleged debt to the Hospital. They each explained that Mr. Lehmkuhl had insurance covering at least 80 percent of the charges, but that the Hospital had failed in its obligation to submit the claim to his insurance carrier.

17. In September 2017 Mr. Lehmkuhl obtained a copy of his consumer credit report, issued by consumer credit reporting agency TransUnion. This credit report shows that on or about August 11, 2017, BBC reported that he had incurred a $555 debt to the Hospital, and that the debt was in collections. BBC did not report that Mr. Lehmkuhl disputed the debt, as required by 15 U.S.C. § 1692e(8).

## CLASS ALLEGATIONS

18. **Class Definition.** Pursuant to Idaho. R. Civ. P. 77, Plaintiff bring this case as a class action on behalf of a "Class" defined as follows:

> All persons from whom, in the year prior to the filing of this lawsuit, BBC collected or attempted to collect a debt incurred primarily for personal, family or household purposes and to whom BBC sent an initial communication stating that to dispute the validity of the alleged debt, the consumer must notify BBC of the dispute in writing within 30 days after receiving the communication.

19. BBC collects alleged debts throughout the Northwest, for thousands of business clients. BBC has a standard practice of including in its initial communication to the consumers from whom it is attempting to collect, a validation notice stating that a consumer disputing the validity of his or her alleged debt must do so in writing.

20. BBC also has a standard practice of ignoring verbal disputes and failing to report verbal disputes in its reports to consumer credit reporting agencies.

21. **Numerosity.** There are at least hundreds of people in the Class described above.

5

22. **Commonality**. There exist questions of law and fact common to Plaintiff and the proposed Class, including but not limited to:

   a. Whether BBC has a standard practice of sending consumers from whom it is attempting to collect an alleged debt an initial communication that includes a statement that disputes must be in writing;

   b. Whether BBC violates the FDCPA by sending consumers from whom it is attempting to collect an alleged debt an initial communication that includes a statement that disputes must be in writing;

   c. Whether BBC has a standard practice of ignoring verbal disputes made by consumers from whom it is attempting to collect and not reporting those disputes in its reports to consumer credit reporting agencies.

   d. Whether BBC violates the FDCPA by ignoring verbal disputes made by consumers from whom it is attempting to collect and not reporting those disputes in its reports to consumer credit reporting agencies.

   e. Whether, pursuant to 15 U.S.C. 1692k, BBC is liable for statutory or actual damages for sending consumers from whom it is attempting to collect an alleged debt an initial communication that includes a statement that disputes must be in writing;

   f. Whether, pursuant to 15 U.S.C. 1692k, BBC is liable for statutory or actual damages for ignoring verbal disputes made by consumers from whom it is attempting to collect and not reporting those disputes in its reports to consumer credit reporting agencies.

23. **Typicality.** Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by BBC and are based on the same legal and remedial theories. The validation notice included in BBC's initial communication to Plaintiff is materially identical to the validation notice that BBC includes in its initial communication to Class Members, and its failure to report verbal disputes to consumer credit reporting agencies is a standard practice that victimized both Plaintiff and the Class.

24. **Adequacy of Representation.** Plaintiff is an appropriate representative for the Class and will fairly and adequately protect the interests of the Class. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interests that directly conflict with interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

25. **Predominance.** BBC has a standard practice of sending initial communications that include a validation notice identical to the one sent to Plaintiff. It also has a standard practice of ignoring verbal disputes made by consumers from whom it attempts to collect and not reporting those disputes in its reports to consumer credit reporting agencies. The common issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

26. **Superiority**. BBC has an obligation to provide Plaintiff and Class Members accurate information about their right to dispute an alleged debt. By stating that consumers must dispute debts *in writing*, BBC denies Plaintiff and Class Members accurate information regarding their right to dispute the validity of an alleged debt, and creates an unlawful obstacle to a consumer that disputes that he or she owes the money BBC is attempting to collect. Absent a class action, however, most Class members will be denied accurate information and likely would find the cost of litigating their claims individually prohibitive. BBC also has an obligation to accurately report information to consumer credit reporting agencies and Class members whose disputes were not reported would also find the cost of litigating their claims individually prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Class members are readily identifiable from BBC's records, and there will be no significant difficulty in the management of this case as a class action.

## FIRST CLAIM:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

27. Plaintiffs re-allege and incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

28. The FDCPA was enacted, in part, to prevent abusive and deceptive debt collection practices and to require that debt collectors accurately inform alleged debtors of their rights. Section 1692g(a) provides as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

29. The FDCPA allows consumers to dispute debts orally or in writing. Consumers are entitled to accurate informing consumers that oral disputes are effective because an oral dispute triggers multiple statutory protections. Among other things, an oral dispute precludes the debt collector from communicating the consumer's credit information to others without including the fact that the alleged debt is in dispute. 15 U.S.C. § 1692e(8); *Camacho*, 430 F.3d at 1082.

30. BBC did not comply with the validation notice requirement in 15 U.S.C. § 1692g(a) because it inserted a requirement that disputes be in writing when that is not what the statute provides.

31. BBC's statement that a consumer must dispute the validity of a debt "in writing" is deceptive and misleading under 15 U.S.C. § 1692e, because the FDCPA requires debt collectors to honor oral disputes.

32. In enacting the FDCPA, Congress intended to elevate violations of the Act to the status of legally cognizable injuries. The validation notice required by the FDCPA is intended to provide consumers with valuable information regarding their right to dispute a debt or demand verification of the indebtedness. By misrepresenting that a consumer is required to dispute the validity of a debt in writing, BBC deprived Plaintiff and the Class of accurate information to which they are statutorily entitled.

## SECOND CLAIM:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

33. Plaintiffs re-allege and incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

34. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating "credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

35. BBC violates 15 U.S.C. § 1692e(8) when it reports debts that a consumer has disputed orally to consumer credit reporting agencies without reporting that the debt is disputed.

WHEREFORE, relief is requested as prayed for below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

A. For an award of statutory damages of $1,000.00 for the Class representative, and $500,000 or 1% of Defendant's net worth, whichever is less, for Class members, pursuant to 15 U.S.C. §1692k(a)(2)(A);

B. For all actual damages caused by Defendant's violations of the FDCPA;

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

D. For such other and further relief as may be just and equitable.

DATED: November 14, 2017        Respectfully submitted,

BALLARD LAW, PLLC

By: _____
Ryan Ballard, ISBN 9017
P.O. Box 38
Rexburg, Idaho 83440
Telephone: (208) 359-5532
Email: ryanballardlaw@gmail.com

Beth E. Terrell
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com

Paul Arons
LAW OFFICE OF PAUL ARONS
685 Spring Street, Suite 104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498
Email: lopa@rockisland.com

# BONNEVILLE COLLECTIONS

6026 Fashion Point Drive, Ogden, UT 84403

May 17, 2017

**ACCOUNT IDENTIFICATION**

| | |
|---|---|
| Original Creditor: | MOUNTAIN VIEW HOSPITAL |
| Creditor Reference: | 873045 |
| Bonneville Account Number: | 8509429 |
| Principal: | $554.50 |
| Interest: | $4.74 |
| Current Balance: | $559.24 |

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

This account has been assigned to our office for collection. As of the date of this letter, you owe $559.24. Because of interest, late charges, and other charges that may apply, the account balance may vary from day to day. If you have a question on your balance, please contact our office.

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To speak with someone during regular business hours, or to make payment by phone 24 hours a day call:

* (801) 621-0621 or Toll Free: (888) 777-5384 *

Representatives are available MST: Monday-Thursday 8am – 9pm, Friday 8am – 5:30pm, Sat 8 am – 12 pm.

We accept Western Union and MoneyGram. To pay your bill online, please visit us at www.bonneville.net.

PLEASE REFER TO ACCOUNT #8509429 IN ALL COMMUNICATION AND CORRESPONDENCE.

To ensure proper credit, detach and enclose the lower portion and return with your payment in the envelope provided.

---

PO Box 150621
Ogden UT 84415-0621
CHANGE SERVICE REQUESTED

May 17, 2017

POR1    429203231

ZACHARY LEHMKUHL
KELLIE LEHMKUHL
1030 11TH ST
IDAHO FALLS ID 83404-5056

8509429
Bonneville Billing & Collections, Inc.
PO Box 150621
Ogden UT 84415-0621

| | |
|---|---|
| Original Creditor: | MOUNTAIN VIEW HOSPITAL |
| Creditor Reference: | 873045 |
| Bonneville Account Number: | 8509429 |
| Principal: | $554.50 |
| Interest: | $4.74 |
| Current Balance: | $559.24 |



PLAINTIFF'S EXHIBIT 1