UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY LEHMKUHL, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING AND COLLECTIONS, INC., a Utah corporation,<br><br>Defendant. | Case No. 4:17-cv-00503-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Defendant Bonneville Billing and Collections, Inc. ("BBC") seeks leave of the Court to add a statute of limitations affirmative defense to its Answer. Dkt. 15. Plaintiff Zachary Lehmkuhl opposes the proposed amendment, claiming the amendment is futile.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

In the fall of 2015, Lehmkuhl received treatment for pneumonia at Mountain View Hospital ("the Hospital"), in Idaho Falls, Idaho. The Hospital charged Lehmkuhl $554.50 for his visit. Thereafter, the Hospital sent Lehmkuhl notice seeking payment in full. According to Lehmkuhl, because he is a disabled veteran, he has lifetime medical insurance provided by Tricare that covers 80 percent of all medical treatment he receives. Lehmkuhl asserts that he explained this to the Hospital and said he was willing to pay his 20 percent. It is not clear from the Complaint, but either the Hospital failed to submit a claim to Tricare or Tricare simply failed to pay on the claim. Ultimately, the Hospital continued to request the full amount of the bill from Lehmkuhl. When the Hospital failed to receive payment after approximately 18 months, the Hospital sent Lehmkuhl's bill to a collection agency—BBC.

On May 17, 2017, Lehmkuhl received a demand letter (the "May 2017 letter") from BBC notifying him that unless he remitted payment, or disputed the debt in writing within 30 days, BBC would report the delinquent debt to the appropriate credit reporting agencies. Lehmkuhl and his wife called BBC to dispute the debt. However, in September 2017, Lehmkuhl reviewed his credit report and noticed that TransUnion—a credit reporting agency—listed the Hospital debt as "in collections," but not that it was disputed. This report negatively affected Lehmkuhl's credit score.

On November 14, 2017, Lehmkuhl filed suit in state court alleging two violations of the Fair Debt Collection Practices Act ("FDCPA"). First, Lehmkuhl contends that

certain language contained in the May 2017 letter—specifically that individuals must dispute errors in writing—violates Ninth Circuit precedent and FDCPA practices that recognize oral disputes. Second, Lehmkuhl alleges BBC violated FDCPA when it reported his debt to TransUnion, but failed to report that Lehmkuhl disputed the debt. Both of Lehmkuhl's causes of action reference the May 2017 letter, which in turn references the $554.50 Hospital bill from the fall of 2015. On December 7, 2017, BBC removed the case to this Court.

On February 22, 2018, the parties exchanged initial disclosures. While preparing its initial disclosures, BBC discovered that it had sent a prior letter to Lehmkuhl—dated October 28, 2016 (the "October 2016 letter")—demanding payment of a debt of $56.04. Further investigation revealed that this bill was for the Radiologist services performed in connection with the pneumonia visit to the Hospital in the fall of 2015. Because Lehmkuhl filed suit on November 14, 2017—more than one year after BBC apparently sent the October 2016 radiologist letter—BBC contends the applicable FDCPA one-year statute of limitations bars this suit. Consequently, BBC seeks to add a statute of limitations affirmative defense to its Answer.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v.*

*Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15 "policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "A district court, however, may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal quotation marks and citation omitted). The party opposing amendment bears the burden of showing why the Court should not grant leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In this case, Lehmkuhl opposes BBC's Motion only on the grounds that amendment would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6)." *Arbon Valley Solar LLC v. Thomas & Betts Corp.*, No. 4:16-cv-00070-DCN, 2017 WL 5613009 (D. Idaho Nov. 21, 2017) (quoting *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004)).

"A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). "[I]n considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Id.* at 1122.

## IV. ANALYSIS

Lehmkuhl claims that BBC's amendment would be futile because the statute of limitations did not begin to run until May 17, 2017, when Lehmkuhl received the demand letter that is the subject of this lawsuit. Thus, Lehmkuhl argues his November 14, 2017, filing was well within the one-year timeframe FDCPA requires. BBC counters that because Lehmkuhl's Complaint alleges unlawful collection practices, the October 2016 letter—which is identical in language to the May 2017 letter (except for the creditor and amount due)—put Lehmkuhl on notice of his claims and triggered the one year statute of limitations. In other words, BBC maintains that the October 2016 letter is when the claim actually accrued and Lehmkuhl's November 14, 2017, filing was approximately two weeks late. Lehmkuhl argues that because the October 2016 letter notified Lehmkuhl of a different debt owed to a different creditor it did not trigger the statute of limitations for the claim Lehmkuhl now asserts.

The FDCPA requires that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard

to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*." 15 U.S.C. § 1692k(d) (emphasis added).

BBC relies on a District Court decision from the Southern District of Maryland to support its position that the violation in this case occurred on October 28, 2016, not May 17, 2017. In *Bey v. Shapiro Brown & Alt, LLP,* the court had to determine, for statute of limitations purposes, when a FDCPA claim accrued in a mortgage collection and foreclosure action. Because all the collections efforts were for the same debt, the *Bey* court found that the "limitations period for FDCPA claims commences *from the date of the first violation*, and subsequent violations of the same type do not restart the limitations period." 997 F. Supp. 2d 310, 316 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (emphasis added) (internal quotation marks and citations omitted).[1] Relying on this holding, BBC argues that the first violation in this case was the October 2016 letter, and though not mentioned in Lemhkuhl's Complaint, it is the true commencement date of Lehmkuhl's claim. Thus, the May 2017 letter is simply a subsequent violation "of the same type." The Court is not as convinced.

BBC claims the *Bey* court's reasoning is logical and illustrates why a statute of limitations defense is necessary here. A closer reading of the case, however, calls into

---

[1] While it is true that the Fourth Circuit affirmed the Bankruptcy Court in this case, it did so in an unpublished one paragraph opinion wherein the court simply found "no reversible error" upon review. *Bey v. Shapiro Brown & Alt, LLP,* 584 F. App'x 135 (4th Cir. 2014).

question BBC's assertion. Immediately following the paragraph BBC cites, the court clarified its holding. True, the *Bey* court concluded that there is no recognized rotating violation of FDCPA; however, the Court made clear that the statute of limitations does not restart with each communication "of the same type" where "(1) the subsequent communications are continued efforts to collect the *same debt*, and (2) the validity of the debt itself is not challenged." *Id*, at 316-17 (emphasis added) (internal quotation marks and citations omitted). Even recognizing the *Bey* court's analysis, it would not help BBC here because, although the debts came out of the same underlying circumstances, the October 2016 letter and the May 2017 letter were for different debts[2] owed to different creditors. In short, applying the *Bey* standards to the facts of this case, BBC cannot prevail on a statute of limitations theory as the May 2017 letter was not a continued effort to collect on the same debt as the October 2016 letter, but was rather a separate debt.

BBC itself admits that the *Bey* case is not exactly on point here, but urges the Court to look at the bigger picture.

> Some of the Bey line of cases do reference a single debt; however, that should not be dispositive in this case. First, the debts referenced in the two letters arose from the same medical care and the dispute regarding both debts allegedly arose from the same cause: Mr. Lehmkuhl and/or his health

---

[2] Although a bit convoluted, there is a distinction between the "same debt," and the" same care," the "same medical treatment," or other iterations that reference the medical visit itself rather than specific debts. Particularly in the context of hospitals where the various care providers have assorted contractual relationships—employees, independent contractors, etc.—it is not a reach to conclude that two bills (i.e. two separate debts) could arise out a single medical visit. BBC itself sent two different notices—one for each bill. It seems self-evident that the Hospital bill and the Radiologist bill were two distinct debts owed to two separate and unique creditors.

insurers failed to pay for the care. Additionally, when Mr. Lehmkuhl, and later his wife, called Defendant, the debts were discussed together.

Dkt. 19, at 3. None of BBC's arguments persuade the Court. Correlation is not determinative. The debts may have arisen from the same facts, and the Lehmkuhls may have discussed them in tandem when communicating with BBC, but that does not automatically make them the same debts for FDCPA purposes and the statute of limitations.

Finally, a district court decision from a district outside the Ninth Circuit is not binding on this Court, and while the *Bey* case involves FDCPA and related subject material, it is only persuasive and does not precisely aid the Court in its determination of whether BBC's amendment is or is not futile.[3]

In contrast to *Bey*, there are a limited number of cases—again, none from within the Ninth Circuit—where courts have taken the position that each notice to a credit reporting agency (of a delinquent debt) can be considered a separate harm for FDCPA purposes.[4] *See, e.g.*, *Malone v. Cavalry Portfolio Servs., LLC*, No. 3:14-CV-00428-CRS, 2015 WL 7571881, at *2 (W.D. Ky. Nov. 24, 2015); *Bihn v. Fifth Third Mortg. Co.*, No.

---

[3] And, as the Court stated, *Bey* may actually weigh against BBC's position.

[4] The Court reiterates that this line of reasoning is slightly different from *Bey*—and the facts now before the Court—as these cases reference the reports by collections businesses to credit reporting agencies rather than notices from collections businesses to debtors.

3:13-CV-00057, 2013 WL 5657598, at *4 (S.D. Ohio Oct. 16, 2013); *Brandon v. Fin. Accounts Servs. Team, Inc.,* 701 F. Supp. 2d 990, 995 (E.D. Tenn. 2010).

All of these cases rely on *Purnell v. Arrow Fin. Servs., LLC,* a 2008 Sixth Circuit case in which that court concluded that each "repeated reporting of [a] debt within the limitations period" constituted a new and particularized FDCPA violation. 303 F. App'x 297, 303 (6th Cir. 2008). After making this finding, the Court stated the obvious: "To the extent that these violations are alleged to have occurred outside the limitations period, they are barred by the statute of limitations. But, to the extent that plaintiff can prove that such violations occurred within the limitations period, they are not time-barred." *Id*. Interestingly, the violations at issue in *Purnell* were identical—the exact same violation month after month—and the Court allowed each to stand as a separate violation under FDCPA.

Applying the *Purnell* holding in the present case, even agreeing arguendo with BBC that the debts are the same, as with monthly reports to a credit agency, the Court could consider each letter in this case to be a separate violation. Had Lehmkuhl filed this action and alleged that both the October 2016 letter and the May 2017 letter were FDCPA violations, the Court could have—similar to *Purnell*—simply dropped the former as the statute of limitations would bar that, but only that, letter and attending claim.

Here, the basis for Lehmkuhl's claim (or at least not the claim at issue)[5] is not the reporting of debt to a credit agency, but BBC's collection letters. Therefore, as with *Bey*, *Purnell* is not exactly on point factually and is only persuasive in the Court's determination. Furthermore, unlike the *Purnell* line of cases, the only letter at issue in this case is the May 2017 letter. There is no repeating offense. While BBC postures that the Court should consider the October 2016 letter, there is no basis for this request.

In short, BBC is unable to point to any case in support of its position that amendment is warranted. The cases BBC cites are not binding, factually distinguishable, and sometimes contrary to BBC's position. Lehmkuhl argues that the Court should follow the statute. Without binding case law for guidance, that is all the Court can do.

The Court's responsibility is to "determine whether the plain language of the statute makes its meaning reasonably clear . . . . If it is clear, that is the end of the inquiry." *United States v. Workinger,* 90 F.3d 1409, 1412 (9th Cir. 1996) (internal citations omitted).

Congress enacted FDCPA for the purpose of dissuading debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

---

[5] Technically, Lehmkuhl's second claim is precisely this—that BBC reported his debt to TransUnion, but not that it was disputed—however, BBC's current Motion focuses solely on the timing of the letters and the claim that the language contained therein is improper vs. the second claim of flawed reporting to credit agencies.

FDCPA defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of *a transaction* in which the money, property, insurance, or services which are the subject of *the transaction* are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S. § 1692a(5) (emphasis added). Lehmkuhl asks the Court to view "a transaction" and "the transaction" exclusively. In other words, each debt is a different transaction. BBC does not specifically address this argument. However—as already cited—BBC states that the debts rose from the "same circumstances" and urges the Court to view the debts together. BBC does not present anything to support this proposition. Therefore, the Court dismisses this argument in favor of a plain reading of the statute. Furthermore, BBC's own actions of sending separate notices for the two bills works against its theory. The Court believes it is at least "reasonably clear" that each transaction is a separate debt and each debt has its own one year statute of limitations under FDCPA.

## V. CONCLUSION

Upon review, Lehmkuhl has met his burden of establishing that amendment would be futile. FDCPA defines debt as "a transaction." 15 U.S. § 1692a(5). BBC has not persuaded the Court that the statute of limitations is the same for both letters and has not pointed to any supporting material that would warrant such a finding. While the May 2017 letter could be "of the same type," as the October 2016 letter, it is not a "continued effort[] to collect the *same debt*." *Bey,* 997 F. Supp. 2d at 316.

BBC sent one notice for the Hospital's unpaid bill and one notice for the Radiologist's unpaid bill. Each letter seeks payment of a separate debt owed to a unique creditor. Although the letters appear to be a form letter—the substance of which is at issue in this case—Lehmkuhl only sued BBC concerning the May 2017 letter. There is no reason to even consider the October 2016 letter. Accordingly, the Court must DENY BBC's Motion to Amend its Answer.

## VI. ORDER

**IT IS ORDERED:**

1. BBC's Motion to Amend/Correct Answer (Dkt. 15) is **DENIED.** The Court will not allow BBC to add a statute of limitations defense.

DATED: May 15, 2018

_____
David C. Nye
U.S. District Court Judge